Raymond E. Aldrich, Jr., J.
The defendant John Coleman moves for an order pursuant to CPL 710.20 declaring invalid a search warrant dated January 11, 1972, and suppressing the use of evidence obtained under such warrant which allegedly was seized as a result -of a search of defendant’s fourth floor apartment at 413 Main Street, Poughkeepsie, New York, on January, 16, 1972.
The moving papers consist of the attorney’s affirmation, with copies of the -search warrant, the affidavit upon which it was issued, and the inventory of the property seized; and they contend that the warrant is invalid on its face since over a year has elapsed between the date of the observation made of certain alleged -criminal activity by the unidentified informant and the date of the warrant, and furthermore that the affidavit in question did not contain sufficient allegations of fact as required by the statute.
In response to the motion, the People request that the matter be set down for a hearing as ‘ There are issues upon which testimony -should be taken in order to determine the. background and surroundings which occasioned the issuance of -the warrant. *203 Specifically, but not limited to the fact that oral testimony may have been taken by the Court prior to its issuing the warrant, such testimony, if taken, could have been deemed bearing on the decision of the Court and would not be revealed on the written papers themselves.”
While the People do not deny the allegations in the moving papers, nor do they suggest unequivocally that they are in possession of facts which will demonstrate that the evidence was properly seized under our law, this court will not assume that the request for a hearing is made for frivolous reasons purposeless except to effect delay.
Defendant’s reply asserts that a hearing is unnecessary, and the motion should be decided on the papers alone, since the People have not created a factual issue in order to go forward with a hearing.
This court is concerned in every criminal case with providing defendants with the opportunity for a speedy trial, to which they are entitled, and such a paramount concern is frustrated by the delay caused by unnecessary hearings. A reading of the moving papers in this instance sets forth meritorious arguments for suppression of evidence obtained under the execution of the warrant, and if the hearing provides no factual evidence to controvert the moving papers, then suppression will, in this court’s opinion, be granted. (People v. Montague, 19 N Y 2d 121; People v. Cerrato, 24 N Y 2d 1; People v. Hendricks, 25 N Y 2d 129; People v. Asaro, 34 A D 2d 968.)
A motion to suppress tangible evidence obtained by means of an unlawful search and seizure (GPL 710.20, subd. 1) is the exclusive method of challenging the admissibility of evidence where the defendant has reasonable cause to believe that such may be offered against him in a criminal action (GPL 710.70, subd. 3).
The Legislature in its wisdom has prescribed the particular procedure to be followed by a court when a defendant has so moved to suppress, and these statutory directions must be adhered to in disposing of the motion (GPL 710.60, subds. 2, 3 and 4).
While the People in their answering affidavit have not denied or admitted any or all of the allegations of the moving papers (GPL 710.60, subd. 1), a reading of the statute clearly indicates that the People do not have to raise any factual issue; otherwise the necessity to file an answer would be mandatory, recited in express terms, with the direction that such answer be based upon sworn allegations of fact, rather than as the statute plainly *204 reads, granting the right to the People that they “ may file ” an answer if they so desire.
The two courses open to the court in determining the motion to suppress are, namely, summarily grant the motion, or summarily deny it (CPL 710.60, subds. 2 and 3) with either action being governed by the plain, concise and unmistakable language thereof.
The motion must be summarily granted where the People concede the truth of the allegations of fact of the defendant, or the People stipulate that the evidence sought to be suppressed will not be offered upon the trial. Since the People in this case have not so conceded or stipulated, the motion cannot be granted.
In the alternative, the motion to suppress may be summarily denied if the defendant’s motion papers fail to allege sworn allegations of fact as the legal basis for the motion or such facts do not as a matter of law support the ground alleged. The motion papers in this instance contain the necessary requisites of sworn allegations of fact, and therefore the motion may not be summarily denied.
Since the motion cannot be granted or denied, as heretofore indicated, the court must conduct a hearing in order to make findings of fact essential to the determination thereof (CPL 710.60, subd. 4), and such a hearing will take place a reasonable time prior to trial, in order to permit the defendant the full guarantee of his constitutional rights to make further motions depending upon the outcome of the hearing, and in order to permit him to adequately prepare for trial utilizing the evidence he may have gained as a result of the hearing.
It would seem to this court, that while the People in any case involving a motion of this kind need not by statute (CPL 710.60, subds. 1 and 2) concede the truth of the allegations of fact made in the motion papers to suppress, or stipulate that the evidence sought to be suppressed will not be offered in evidence, if in fact such allegations of fact which support the motion are true or such evidence will not be so offered, then in the interests of eliminating an unnecessary hearing, and to avoid delay, and a waste of judicial time, as well as in good conscience, a prosecutor should so concede and stipulate. For to do otherwise would violate our long-cherished judicial pronouncement that the People act with a concept of fairness, a sense of justice, and in accordance with due process.